IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Oct 16 2020
U.S. DISTRICT COURT
Northern District of WV

PATRICK ANDERSON,

    Plaintiff,

v.

PROFRAC MANUFACTURING, LLC
and FELIPE TUILAWALAWA,

    Defendants.

Civil Action No.: 5:20-CV-227 (Bailey)

(Removed from Circuit Court of
Wetzel County, WV Civil Action No.
20-C-41)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Profrac Manufacturing, LLC and Filipe Tuilawalawa (incorrectly identified as "Felipe Tuilawalawa"), by undersigned counsel, have removed the above-captioned action from the Circuit Court of Wetzel County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, the Defendant Cataldo states as follows:

**I.**     **Background and Procedural History**

1.     The removed case is a civil action in which the original Complaint was filed on September 13, 2020 in the Circuit Court of Wetzel County, West Virginia, assigned Civil Action No. 20-C-41 and captioned Patrick Anderson v. Profrac Manufacturing, LLC and Filipe Tuilawalawa (*See* Summons and Complaint attached hereto as "**Exhibit 1**").

2.     Profrac Manufacturing was served with the Complaint via the West Virginia Secretary of State on September 23, 2020. Filipe Tuilawalawa was served with the Complaint via certified mail on or about September 21, 2020.

3.     In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet referencing all process, pleadings, and orders served in the state court action is attached hereto as "**Exhibit 2**".

4. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after service of the Plaintiff's Complaint upon the Defendants.

5. Pursuant to the provisions of 28 U.S.C. § 1446, this action is being removed less than one year after commencement of the action.

6. Venue in this case is proper pursuant to 28 U.S.C. § 1391(b)(2) because the actions that give rise to this cause of action occurred in the Northern District of West Virginia.

**II.  Diversity of Citizenship**

7. Removal is proper pursuant to 28 U.S.C. §1332 because there is complete diversity between the Parties. Complete diversity requires that all defendants be citizens of different states than the plaintiff. 28 U.S.C. § 1332.

8. Plaintiff Patrick Anderson is a citizen of the State of South Carolina.

9. Defendant Profrac Manufacturing is a Texas limited liability company with its principal place of business as 17018 Interstate 20, Cisco, Texas.

10. Defendant Filipe Tuilawalawa is a resident of the Commonwealth of Pennsylvania.

11. Because no Defendant is a citizen or resident of the same state as the Plaintiffs, complete diversity between the Plaintiffs and Defendants exist.

**III. Amount in Controversy**

12. This Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy is the estimate of damages that will be put at issue, not the amount the plaintiff will actually recover. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Pursuant to 28 U.S.C. § 1446(c)(2)(A-B), where the plaintiff (1) seeks non-monetary relief or (2) seeks monetary relief but state practice does not allow the plaintiff to demand a specific sum or allows the plaintiff to recover

damages in excess of the amount demanded, the defendant can specify the amount in controversy in the notice of removal and must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

13. When no specific amount of damages is demanded in plaintiff's complaint, the court undertakes a "'judicial valuation' approach" to determine whether the amount in controversy requirement is met. *Scarolto v. Ferrell*, 826 F.Supp.2nd 960, 962 (S.D.W. Va. 2011). Where the complaint lacks an explicit statement of the amount claims, the amount in controversy is determined by considering:

> The totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use that information to estimate the amount a jury would award a plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof.

*Id.* at 968.

14. The Complaint alleges personal injuries to the Plaintiff including past, present, and future medical expenses, pain, embarrassment, and mental anguish; and past, present, and future lost wages

15. Based on the allegations in the Complaint and the type of damages that the Plaintiff seeks to recover, the Defendants asserts that the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs.

16. Accordingly, the state action may be removed to this Court by the Defendants because it is an action between citizens of different states and the amount in controversy exceeds the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional minimum, exclusive of interest and costs.

17.     A copy of this notice of removal and attachments thereto will be served on Plaintiff and is being filed, along with a written notice of filing notice of removal, with the Clerk of the Circuit Court of Wetzel County pursuant to 28 U.S.C. § 1446(a) and (d). A true and correct copy of the notice of filing notice of removal is attached hereto as **"Exhibit 3."**

WHEREFORE, Defendants Profrac Manufacturing, LLC and Filipe Tuilawalawa remove this action now pending in the Circuit Court of Kanawha County, West Virginia as Civil Action No. 20-C-41 to this Court.

PROFRAC MANUFACTURING, LLC
and FILIPE TUILAWALAWA

By counsel

/s/ Allison M. Subacz
Robert A. Lockhart, Esquire (WVSB #4657)
Allison M. Subacz, Esquire (WVSB #11378)
CIPRIANI & WERNER, PC
500 Lee Street East, Suite 900
Charleston, West Virginia 25301
Phone: 304-341-0500
Fax: 304-341-0507
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK ANDERSON

    Plaintiff,

v.                                                Civil Action No.: 5:20-CV-227 (Bailey)

PROFRAC MANUFACTURING, LLC         (Removed from Circuit Court of
and FELIPE TUILAWALAWA,              Wetzel County, WV Civil Action No.
                                                    20-C-41)

    Defendants.

## CERTIFICATE OF SERVICE

I, Allison M. Subacz, Esquire, counsel for Defendants Profrac Manufacturing, LLC and Felipe Tuilawalawa, do hereby certify that the foregoing *Notice of Removal"* has been electronically filed with the Clerk of the Court, this 16th day of October 2020, using the CM/ECF system which will send notification of such filing to counsel of record

                      Michael A. Jacks, Esquire (WVSB #11044)
                              Jacks Legal Group, PLLC
                        United Federal Credit Union Building
                         3467 University Avenue – Suite 200
                            Morgantown, West Virginia 26505
                                 mike@jackslegal.com
                                  *Counsel for Plaintiff*

                                                         /s/ Allison M. Subacz
                                                         Allison M. Subacz, Esquire (WVSB#11378)