## SUMMONS
## CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

PATRICK ANDERSON
    Plaintiff,

vs.

PROFRAC MANUFACTURING, LLC, &
FELIPE TUILAWALAWA
    Defendants,

CIVIL ACTION NO: **20-C-41**
JUDGE: **CRAMER**

**Please Serve:**
Profrac Manufacturing, LLC
c/o Corporation Service Company
209 West Wash.
Charleston, WV 25302

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon the Plaintiff's Attorney:

    *Michael A. Jacks, ESQ*
    *JACKS LEGAL GROUP, PLLC*
    *3467 University Av. Ste 200*
    *Morgantown, WV 26505*

an answer including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 Days** after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: September 18, 2020

                                                                          Wetzel County Circuit Clerk


EXHIBIT 1

# SUMMONS
## CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

**PATRICK ANDERSON**
    *Plaintiff,*

*vs.*

**PROFRAC MANUFACTURING, LLC, &**
**FELIPE TUILAWALAWA**
    *Defendants,*

CIVIL ACTION NO: **20-C-41**
JUDGE: **CRAMER**

*Please Serve:*
*Felipe Tuilawalawa*
*123 Union Street*
*Uniontown, PA 15401*

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon the Plaintiff's Attorney:

    *Michael A. Jacks, ESQ*
    *JACKS LEGAL GROUP, PLLC*
    *3467 University Av. Ste 200*
    *Morgantown, WV 26505*

an answer including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 Days** after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

*Dated: September 18, 2020*

*[signature]*
**Wetzel County Circuit Clerk**

IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

PATRICK ANDERSON,

    Plaintiff,

v.                                              CIVIL ACTION NO. 20-C-41
                                              Judge Cramer

PROFRAC MANUFACTURING, LLC, &
FELIPE TUILAWALAWA

    Defendants.

## COMPLAINT

Patrick Anderson, Plaintiff, by and through his undersigned counsel, alleges upon personal knowledge as to Plaintiff and upon information and belief as to all other matters, and for his Complaint in this matter, states as follows:

## PARTIES

1. Patrick Anderson, ("Plaintiff") is a South Carolina citizen who resides at 1033 Crossing Creek Road, Hopkins, South Carolina, 29061.

2. Profrac Manufacturing, LLC, formerly known as Profrac Services, LLC, ("Profrac") is a Texas Limited Liability Company with a designated office address of 17018 Interstate 20, Cisco, Texas, 76437, licensed to operate in West Virginia with a West Virginia Notice of Process address of Corporation Service Company, 209 W. Washington Street, Ste 1300, Charleston, West Virginia, 25302.

3. Felipe Tuilawalawa, was a driver for Profrac in 2018 and his last known address is 123 Union Street, Uniontown, Pennsylvania, 15401. Mr. Tuilawalawa and Profrac are collectively referred to as "Defendants" hereafter.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under West Virginia Code § 51-2-2.

5. Pursuant to West Virginia Code § 56-1-1, the Circuit Court of Wetzel County is the appropriate venue for this action because Wetzel County is where the cause of action arose.

6. The amount in controversy is greater than ten thousand dollars ($10,000).

## FACTS

7. This is an action to recover damages caused by Defendants in a motor vehicle collision due to Defendants negligence, gross negligence, carelessness, and/or recklessness.

8. On October 5, 2015, Defendant Tuilawalawa was driving a 2012 Peterbilt Tractor Trailer owned by Profrac with a large load on his trailer on County Route 15 approximately 5.8 miles from Route 20.

9. Defendant Tuilawalawa was employed by Profrac and operating as its employee and or agent while driving Profrac's tractor trailer and hauling a load from a well pad for Profrac.

10. Plaintiff was driving a 2015 Freightliner Cascadia along County Route 15 in the opposite direction of Defendant Tuilawalawa, and was obeying all traffic laws and regulations.

11. Defendant Tuilawalawa crossed the centerline and struck three vehicles, including the Plaintiff's vehicle on the driver's side, failing to yield and failing to look for oncoming traffic.

12. Plaintiff had no opportunity to avoid the collision, although he attempted to raise Defendant Tuilawalawa on the short-wave radio and blew his air horn.

13. Defendant Tuilawalawa struck Plaintiff's vehicle with enough force to lock the vehicles together (requiring a tow truck to separate and tow the vehicles) and push Plaintiff's tractor trailer cab off the road towards a steep hill over a creek. Plaintiff had to strongly engage both his clutch and brake to stop his vehicle from being forced into the creek by Defendants' vehicle.

14. After the collision, the Wetzel County Sheriff's Department investigated and issued a State of West Virginia Uniform Traffic Crash Report, and reported that Defendant Tuilawalawa was "100% at fault in this crash because his trailer was left of the center line of the roadway, and he did not yield ½ of the roadway in the face of oncoming traffic," while Plaintiff was not at fault.

15. Defendants operated their vehicle in a negligent, careless, grossly negligent and/or reckless manner.

16. The impact from the collision, as a direct and proximate result of the negligent, careless, grossly negligent and/or reckless conduct of Defendants as described herein, and as will be further defined in discovery, actually and proximately caused Plaintiff to suffer injuries and lost wages.

17. Defendants are liable to Plaintiff for his injuries and damages, including lost wages.

## COUNT I – NEGLIGENCE

18. The allegations set forth in Paragraphs 1 through 17 of this Complaint are re-alleged and incorporated by reference as if set forth fully herein.

19. Defendants had a duty to operate their vehicle in a reasonably safe and prudent manner, including obeying all traffic laws, being aware of the surroundings, and staying on their side of the road without crossing the center line to avoid striking Plaintiff, who was obeying all traffic laws.

20. On October 5, 2018, Defendants breached this duty by failing to stop and look for oncoming traffic, failing to obey all traffic laws, and by failing to stay on their side of the road, by crossing the centerline and colliding with Plaintiff's vehicle, and two other vehicles.

21. By colliding with Plaintiff's vehicle with his vehicle, Defendants actually and proximately caused Plaintiff to suffer injuries, lost wages and property damages.

22. As a result of the negligence of Defendants, Plaintiff has suffered damages including past, present, and future medical expenses; pain, embarrassment, and mental anguish; past, present, and future lost wages; and such further damages as are discovered or manifested during the pendency of this matter.

## COUNT II – GROSS NEGLIGENCE

23. The allegations set forth in paragraphs 1-22 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

24. Defendants breached their duty to act as a reasonably prudent driver by wantonly, willfully, and recklessly failing to look for oncoming traffic and failing to maintain control of a large tractor trailer (and load) on the proper side of the road.

25. Defendant Profrac has a history of safety violations and citations based upon publicly available records from the United States Department of Transportation.

26. At the time of the collision, it was reasonably foreseeable that failing to look for oncoming traffic and crossing the center line could cause the type of injuries that were suffered by Plaintiff, which condition was both expected and should have been anticipated by Defendants, and should have resulted in Defendants paying extra attention and driving safely.

27. Defendants' willful, wanton, and reckless disregard for the safety of other drivers, such as Plaintiff, caused Plaintiff to suffer his injuries and damages.

28. Due to Defendants' gross negligence, Plaintiff has suffered both actual and consequential damages as further outlined herein, and Defendant is liable for punitive damages.

## COUNT III – RESPONDEAT SUPERIOR

29. The allegations set forth in Paragraphs 1-28 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

30. The above described actions and omissions by Defendant Tuilawalawa were committed within the course and scope of his agency, apparent agency, employment, and/or servant relationship with Defendant Profrac, so as to impose liability on Profrac for his actions, under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment against Defendants including, but not limited to, actual and consequential damages; past and future medical expenses; past and future pain, embarrassment, and mental anguish; past and future lost wages; such further damages as are discovered or manifested during the pendency of this matter; pre and post-judgment interest; expenses and costs; punitive damages; and such additional relief as this Honorable Court may deem just and proper.

Plaintiff demands a trial by jury.

By: _____

Michael A. Jacks, Esq. (WVSB ID #11044)
mike@jackslegal.com
Jacks Legal Group, P.L.L.C.
United Federal Credit Union Building
3467 University Ave, Suite 200
Morgantown, WV 26505
(304) 599-4770 (office)
(304) 906-9165 (mobile)
(304) 278-3187 (fax)